## THIRD DEPARTMENT, OCTOBER, 1953.

### (October 16, 1953.)

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OTIS LUKE WASHINGTON, Appellant.

*Per Curiam.* Defendant was indicted for murder in the second degree and convicted of manslaughter in the first degree. The essential questions here are to determine if it was the act of the defendant which caused the death of the decedent; and if that be found, to determine if defendant was then acting in self-defense.

Whether defendant killed decedent is an open question on this record on which a jury could readily find one way or another; but whether defendant was the aggressor or acted in self-defense when singlehanded he engaged in a

fight with the decedent and two of decedent's companions on the street, is a very close question. It required unusual care on the part of counsel on both sides to keep the attention of the jury focused on this problem and not diverted to tangent questions.

We think there ought to be a new trial in the interests of justice. Upon such a trial, the proceedings of counsel on both sides ought to be directed solely to aiding the jury in determining the essential questions in the case. Both sides tended, on the trial here reviewed, to divert the jury's attention from the important and close problems it had in hand. We regard the reasons for the assignment of counsel, the compensation of counsel on assignment, the feeling of the jurors toward the administration of justice in the county generally, and the color of the defendant, or of any of the witnesses, as quite immaterial.

A great many additional errors on the trial are assigned by appellant to seek reversal. Many of them, even if technical errors, would not warrant disturbing the judgment. Some of them are not errors. Defendant was not permitted to show the kind of a knife which decedent was accused of using in a Florida indictment for homicide on which decedent had been acquitted. We think this was properly excluded.

The criminal action in which decedent had been acquitted was no proof of his vicious or dangerous propensities, especially in the absence of any proof that the defendant here knew either of the accusation or of the decedent's propensities. The authenticated certificate of conviction of " Ottie " Luke Washington for misdemeanor in California was properly received. Where a court can see that clerical or other error might exist, the exhibit is receivable and the question of identity with proper instructions, left to the jury.

The judgment of conviction should be reversed, on the facts, and in the interests of justice a new trial ordered.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Judgment of conviction reversed on the facts, and in the interests of justice a new trial ordered.