THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OTIS LUKE WASHINGTON, Appellant.— Defendant appeals from a judgment of conviction of manslaughter in the first degree, found in the County Court of Sullivan County, August 5, 1954. This court reversed a previous conviction, and directed a new trial (*People* v. *Washington*, 282 App. Div. 896), because we thought certain extraneous matters developed during the course of the summations might have diverted the jury's attention from decisive issues in the case, and perhaps influenced its verdict. Nothing of the kind appears in this record. The District Attorney tried the case with commendable fairness and did not, in his summation, exceed the permissible limits of fair argument. Defendant was charged with stabbing one Oscar Aiken, near midnight, June 1, 1951, and inflicting such injuries that Aiken died shortly thereafter. The assault was said to have taken place in front of a tavern in South Fallsburg, Sullivan County, New York, where the defendant, the decedent and several other men had been drinking a short time before. An altercation arose between the defendant and decedent over the eviction of a customer, in which the defendant had a part; and one witness testified that defendant threatened to kill decedent. Another witness testified that he saw defendant stab decedent when the latter was standing on the sidewalk in front of the premises, waiting with his companions to get into a taxicab. The theory of the defense was that the decedent and his companions were the aggressors against defendant, and in the melee one of decedent's companions stabbed him by mistake. Defendant was very ably defended by assigned counsel, who spared neither time nor effort to present the evidence in a light most favorable to the defendant, and who discharged his duty in a most commendable manner. However, we find no reversible errors either in the selection of the jury, or in the admission or rejection of testimony. Nor can we say justly that the verdict was against the weight of evidence and not sufficient to establish defendant's guilt beyond a reasonable doubt. As in most cases of this character the credibility of the witnesses sworn was decisive as

to a verdict of guilt or acquittal. We find nothing in the record that would justify a determination that the jury's appraisal of the testimony was erroneous. Judgment of conviction unanimously affirmed. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.